JOHNSON, Judge.
This is an appeal from a final decree of the Circuit Court of Okaloosa County enjoining a continuing trespass and encroachment upon the property of the plaintiff-appellee.
Briefly stated, the facts are: the defendant and her husband, now deceased, purchased some lots in the City of Niceville about 1941, and had moved onto said lots a residence dwelling building. Subsequent thereto some extra rooms were added which caused the building to extend beyond the boundary of the lots owned by the defend *36 ants. A yard fence was placed around the property which also encompassed part of lots belonging to the plaintiff-appellee. It appears there was a friendly attitude between the defendant and the plaintiff’s predecessors in title oyer a period of years and in fact, in the not too distant past, the plaintiff attempted to sell the defendant the two lots upon which the defendant’s house was encroaching. The sale was not effected and no satisfactory agreement was reached and therefore the plaintiff brought this action to enjoin the defendant from further encroachment and use of the property. The defendant defended against the complaint on the ground that equitable laches on the part of the plaintiff prevented the plaintiff from being entitled to the relief prayed.
The evidence is clear that the defendant had never paid taxes on said lots upon which the encroachment had occurred and therefore adverse possession under the Statutes could not be claimed by her. The defendant argues that even though she can not claim adverse possession she is entitled to the defense of equitable laches.
We can not agree with the appellant’s contention in this respect. Ordinarily equity follows the law and in the instant case the statutory defense of adverse possession not being available to the defendant-appellant as a defense nor available to her as a basis for an affirmative action to quiet title in her, based upon adverse possession, we do not feel that equity can be invoked to circumvent the statutory law of adverse possession. There is no allegation nor proof of mistaken boundary lines which creates an estoppel against the plaintiff. A mere delay for a long period of time in bringing action where the adverse claimant is in permissive possession only does not preclude the owner from maintaining the necessary action for recovery of possession of said property whether by the injunctive relief as involved here or some other appropriate relief.
For the reasons stated we do not find where the Chancellor erred and therefore must affirm the order appealed.
WIGGINTON, Acting C. J., and SPEC-TOR, J., concur.